## PLOUGH *v.* WILLIAMS and Others.

EXECUTION.—*Motion for after Ten Years.*—*Assignment of Error.*—In a proceeding to obtain execution upon a judgment of more than ten years standing, no pleadings are contemplated by the statute, and the action of the

Plough *v.* Williams and Others.

court in rejecting answers filed in response to such a motion cannot be assigned in the Supreme Court as error.

APPEAL from the Howard Common Pleas.

RAY, J.—Proceeding to obtain execution upon a judgment of more than ten years standing.

There was an answer in six paragraphs. First, denial. Second, that certain notes of solvent parties had been placed in the hands of the judgment-plaintiff, to be by him collected and applied in discharge of the debt which was represented by the judgment, but that the said judgment-plaintiff had failed to account for the same; and asking credit therefor. Third, that by consent of judgment-plaintiff, the notes aforesaid were placed in the hands of his attorney for collection, the proceeds to be applied upon said judgment. Fourth, payment. Fifth, like the second, with an averment that sufficient time had elapsed for the collection of said notes. Sixth, in abatement, denying the existence of the plaintiff in the character in which he sued. A demurrer was sustained to the sixth paragraph of the answer, and overruled to the others. A motion to strike out the second, third, fourth, and fifth paragraphs was sustained as to the third and fourth, and overruled as to the second and fifth paragraphs. Interrogatories were filed by the defendant and rejected by the court. Trial, and finding for the appellees. Motion for new trial overruled, and judgment.

In the case of *Plough* v. *Reeves*, at this term, *ante*, p. 181, it was held, that in such a proceeding as this, no pleadings are contemplated by the statute, and that no error can therefore be assigned of the action of the court in rejecting answers filed in response to such a motion.

The judgment must therefore be affirmed, with costs.

*C. N. Pollard* and *H. A. Brouse,* for appellant.

*J. W. Robinson,* for appellees.